UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE WEINGARTNER and PETER WEINGARTNER, </br>Plaintiffs, </br>vs. </br>CHASE HOME FINANCE, LLC, et al., </br>Defendants. | Case No.: 2:09-cv-02255-GMN-RJJ </br></br>**ORDER** |

Before the Court is Defendant Cooper Castle Law Firm's ("Defendant") Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute (ECF No. 21) and Defendant's Motion for District Judge to Reconsider (ECF No. 14). Plaintiffs have not filed a Response to Defendant's Motion. Defendant did, however, file a Notice of Non-Opposition (ECF No. 24). For the reasons that follow, Defendant's Motion (ECF No. 21) will be GRANTED and the Motion to Reconsider (ECF No. 14) will be DENIED as moot.

**I.     BACKGROUND**

This lawsuit was originally filed in July of 2009 in state court. In their Complaint, Plaintiffs allege a number of causes of action against Defendant and former-Defendant Chase Home Finance, LLC related to the foreclosure of their mortgage. Defendants removed the case on November 25, 2009, and the Honorable Robert C. Jones issued an Order (ECF No. 12) denying in part and granting in part Defendants' initial Motion to Dismiss (ECF No. 5) on March 15, 2010. That Order dismissed Chase Home Finance, LLC from the case. Following the Order, Defendant Cooper Castle Law Firm filed its

Answer on April 2, 2010. Pursuant to D. Nev. R. 26-1(d) "[c]ounsel for the plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears" and then "[f]ourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order." This means that the discovery plan and scheduling order was due by May 17, 2010 at the latest. No discovery plan or scheduling order was ever filed, nor is there any indication that Plaintiffs initiated a Rule 26(f) conference.

While this case was still on Judge Jones' docket, Defendant also filed a Motion for District Judge to Reconsider (ECF No. 14) the earlier Order on the Motion to Dismiss. Plaintiffs filed a Response (ECF No. 15), to which Defendant replied, (ECF No. 18). That Response (ECF No. 15), which was filed on May 4, 2010, and the applicable Certificate of Service (ECF No. 17), filed on May 11, 2010, are the only actions or appearances Plaintiffs have made since the case was removed.

On July 14, 2010, Defendant filed a Motion to Dismiss for Lack of Prosecution (ECF No. 21). Pursuant to D. Nev. R. 7-2(b), Plaintiffs had fourteen days after service of the Motion to file a Response. A physical copy of Defendant's Motion was served by first class mail on July 14, 2010, (ECF No. 14); therefore, Plaintiffs had until July 31, 2010 to file a Response. Not only did Plaintiffs fail to meet this deadline, Plaintiffs have failed to file any Response at all. Nor have Plaintiffs filed anything in this case since May of 2010.

**II.  DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53

(9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Further, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  The risk of prejudice to Plaintiffs is also quite low, as the Court's docket indicates that Plaintiffs were given proper notice of Defendant's Motion to Dismiss in July of 2010--roughly nine months ago--so the dismissal of this lawsuit should come as no surprise to Plaintiffs.  Contrarily, Plaintiffs' failure to respond to Defendant's Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiffs because it does not appear that this case was likely to be decided on the merits anyway: Plaintiffs have failed to take any action to prosecute this case in the year and a half that it has been pending, other than filing a Response to Defendants' Motion to Reconsider and a Certificate of Service regarding that Response.  These four factors outweigh factor (4) and,

///

///

accordingly, Defendant's Motion to Dismiss is GRANTED.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 21) is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Motion to Reconsider (ECF No. 14) is **DENIED** as moot.

DATED this 14th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge